## UNITED STATES v. MARION & E. R. CO.

(District Court, E. D. Illinois. December 15, 1924.)

No. 1977.

**1. Master and servant ⬡⟾18—Burden on railroad company to justify violation of Hours of Service Act.**

Where train is away from its terminal on regular trip more than 16 hours, delay constitutes prima facie violation of 16-hour provision of Hours of Service Act, § 2 (Comp. St. § 8678), and defendant railroad has burden of justification.

**2. Master and servant ⬡⟾13—Delay caused by pulled drawbar held due to unforeseen accident, precluding conviction under Hours of Service Act.**

Under Hours of Service Act, § 3 (Comp. St. § 8679), and Interstate Commerce Commission rule 88, par. b, and in view of rule 287, par. i, where the evidence showed that train started on regular run, which could be completed on schedule within 16 hours, and that delay of 2 hours was caused by pulling drawbar, and that run was completed within 18 hours *held* such delay was caused by unforeseen accident, and, no relay or terminal being between place of delay and end of run, defendant could not be convicted of violation of law.

Prosecution by the United States against the Marion & Eastern Railroad Company for violation of the 16-hour law. Judgment of acquittal.

W. O. Potter, U. S. Atty., of Marion, Ill.

ENGLISH, District Judge. Defendant is charged by information with having violated the 16-hour provision of Hours of Service Act, § 2 (Comp. St. § 8678), by permitting its crew or the crew in charge of one of its trains to exceed the 16-hour limit by 1¾ hours.

The evidence discloses that on or about the date alleged in the information the defendant started one of its trains on one of its regular runs, which, according to the schedule, would be completed, barring accidents or other delays, within 16 hours or less time; this being one continuous run from and to a terminal used by this crew, no other terminal being accessible to this crew or used in connection with this run. Some time in the forenoon within a few hours after the train had left its terminal there was a delay of 2 hours caused by the pulling of a drawbar; this delay being the undisputed 2 full hours. At some point on the run, 4 hours or more before the expiration of the 16-hour limitation, the dispatcher notified the crew that in the event it was necessary they might use the 2 hours lost as a result of the said delay, but that ordinarily it would not have been necessary to run over time to complete the run, notwithstanding the 2-hour delay. This delay was from a cause that may often occur, but could not have been foreseen by the defendant at the terminal at and before the time the train departed upon its run. No unnecessary delay is charged or shown to have occurred at any other point during this trip, and the train reached its terminal or starting point 1 hour and 45 minutes after the 16 hours had expired. In other words, the train was away from its terminal on this trip 17¾ hours.

[1] This delay constitutes a prima facie violation of the provisions of the Hours of Service Act, and the defendant has the burden of justification for having exceeded the 16-hour limit, and it attempts to justify under the provisions of section 3 (Comp. St. § 8679), which are: "That the provisions of this act shall not apply in any case * * * where the delay is the result of a cause not known to the carrier or its officer or agent in charge of such employee at the time such employee left the terminal and which could not have been foreseen."

Interpretation of this proviso has been made by the Supreme Court holding that due diligence shall be exercised to prevent such a delay, and that, if the crew reaches a terminal, they should there be relieved, and to pass the terminal would be such negligence as would render the defendant liable.

The Interstate Commerce Commission has also issued rules giving interpretation to this proviso, and paragraph (b) of rule 88 says: "Any employee so delayed may therefore continue on duty to the terminal or end of that run. The proviso quoted removes the application of the law to that trip."

Paragraph (i) of rule 287 provides: "The instances in which the Act will not apply include * * * such occurrences as could not be guarded against; those which involve no neglect or lack of precaution on the part of the carrier, its agents, or officers; and they serve to waive the application of the

law to employees on trains * * * until such employees, so delayed reach a terminal or relay point."

[2] This delay charged was caused by an unforeseen accident, and no relay or terminal was between the place where the delay was caused and the end of the run, which brings this case clearly within the exempted class.

It is therefore the judgment of the court that the defendant is not guilty of violating this law, and it is the order of the court that the defendant be and is hereby discharged.